_____

ERIC FLYNN GROSS,

            Plaintiff,

v.                                                                         Case No. 07-CV-982

PPG INDUSTRIES, INC.,

            Defendant.

_____

# ORDER

On December 23, 2008, plaintiff filed a Rule 7.4 Expedited Motion to Compel regarding several discovery issues. (Docket #13). According to Civil L.R. 37.1:

> All motions for discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written statement by the movant that, after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement must also recite the date and time of such conference and the names of all parties participating in it.

At the time the Rule 7.2 motion was filed, plaintiff's counsel also filed a statement which reads:

> I, George Aucoin, certify that I have consulted via telephone shortly after the initiation of this lawsuit with opposing counsel, Mr. Michael Aldana, regarding the relevance of Electronically Stored Information maintained by Defendant and the need to preserve such data for discovery and trial.
>
> I further certify that I have consulted via telephone on December 11, 2008, at 11:00 a.m. with opposing counsel, Mr. Michael Aldana, regarding the relevant discovery issues in this case and have been unable to reach an agreement regarding the same.

(Docket #14). This statement clearly does not comply with Civil L.R. 37.1. Unfortunately, the email correspondences between the parties prove that there have not been any sincere attempts to resolve these discovery issues. (Aldana Aff. Ex. B). Indeed, it would appear the parties are more interested in arguing about who called who what name, rather than resolving their dispute. Additionally, defense counsel has repeatedly asserted that it finds plaintiff's request for documents in their native format to be unduly burdensome, and has asked plaintiff to explain why it needs those documents in that form, but there is no evidence that plaintiff has given defendant any written explanation for these requests, despite defendant's numerous invitations for such.

Fed. R. Civ. P. 37(a)(1) and Civil L.R. 37.1 are designed to prevent discovery motions such as the one now before the court. The court has neither the time nor inclination to involve itself in an aspect of the case which our legal system trusts professional attorneys to handle in a civil and cooperative manner. If there is a genuine dispute regarding discovery that the parties cannot resolve despite actual good faith efforts, then the court will be obliged to rule on the matter. However, sincere good faith efforts involve more than two minute cursory phone calls, and argumentative conclusory emails. As such, the court denies plaintiff's motion.

Accordingly,

**IT IS ORDERED** that plaintiff's Expedited Motion to Compel (Docket #13) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to File Reply to Defendant's Memorandum in Opposition to Plaintiff's Rule 7.4 Expedited Motion to Compel (Docket #21) be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge