# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

ERIC FLYNN GROSS,

        Plaintiff,

v.                                                             Case No. 07-CV-982

PPG INDUSTRIES, INC.,

        Defendant.

_____

## ORDER

On November 11, 2007, plaintiff filed his complaint alleging that defendant, his employer, violated various sections of the Uniformed Services Employment and Reemployment Act ("USERRA"), 38 U.S.C. § 4301, *et seq*, and that defendant violated Wisconsin Revised Statutes Annotated Title 21 Article 79 §§ (1)-(6). The court has jurisdiction over this matter pursuant to 38 U.S.C. § 4323(b)(3); and venue is proper pursuant to 38 U.S.C. § 4323(c)(2).[1] On July 1, 2009, plaintiff and defendant filed cross-motions for summary judgment. For the reasons stated herein, the court is obliged to deny plaintiff's motion for summary judgment, and grant defendant's motion for summary judgment.

## BACKGROUND

Defendant first employed plaintiff on December 8, 1997. (Def. Resp. Pl. PFOF ¶ 5). Plaintiff was employed at defendant's Oak Creek Facility in Milwaukee County, Wisconsin. (Id.). On June 1, 2004, plaintiff, a member of the United States Marine

---

[1] Defendant maintains a place of business in Milwaukee County, Wisconsin.

Corps Reserve, took approved military leave to deploy for service in Iraq. (Id. ¶ 6). Plaintiff was on approved military leave until May 7, 2005. (Id.)

Prior to mobilizing for active duty in 2004, plaintiff met Kristi Prince of defendant's Oak Creek plant's human resources department in order to discuss the benefits plaintiff would receive during his period of active duty. (Id. ¶ 13). At the meeting, Prince presented plaintiff with a letter that "outline[d] the benefits available to PPG salaried employees who are called or volunteer to serve in the United States Military." (Pl. Br. Supp. Mot. S.J., Ex. G at 1). The only material difference between the compensation provisions outlined in that letter and the provisions detailed in PPG's military leave of absence policies, is that under the Oak Creek policy employees are entitled up to 720 days of compensation benefits, whereas they are only entitled to four weeks of such benefits under the general PPG policy. (Def. Rep. Pl. PFOF ¶ 16). According to the letter:

> A <u>salaried</u> employee who is actively at work (not on layoff) and is called to active duty shall be paid by the Company an amount equal to the difference between his or her monthly base salary for their regular work schedule and the amount of his or her monthly military base pay, exclusive of allowances (adjusted monthly base salary) for a total of <u>720 calendar days</u>.

(Pl. Br. Supp. Mot. S.J., Ex. G at 1 (emphasis in original)). Ultimately, plaintiff's interpretation of this provision differed from defendant's interpretation, which thus led to this suit.

2

## ANALYSIS

### I. Summary Judgment Standard

Summary judgment is appropriate where the movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Material facts" are those facts which "might affect the outcome of the suit," and a material fact is "genuine" if a reasonable finder of fact could find in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate where a party has failed to make "a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 317. A party opposing summary judgment may not rest upon the mere allegations or denials of the adverse party's pleading, but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). Any doubt as to the existence of a material fact is to be resolved against the moving party. *Anderson*, 477 U.S. at 255.

### II. Plaintiff's Motion for Summary Judgment

Plaintiff's complaint alleges that defendant violated USERRA through two different actions. The first relates to the previously mentioned disagreement as to the proper interpretation of defendant's military compensation provision. The second involves defendant allegedly not "re-training, or otherwise, . . . enabl[ing] [plaintiff] to qualify for a position that he would be entitled to perform in a re-employed capacity before reducing his pay." (Compl. ¶14). Plaintiff's complaint states that

3

these actions violated "USERRA, 38 U.S.C. § 4301, *et seq*, including but not limited to §§ 4312, 4313, 4316 and 4318, and Wisconsin Revised Statutes Annotated Title 21 Article 79 §§ (1)-(6)." (Id. ¶17). Plaintiff's motion for summary judgment, though not titled as a motion for partial summary judgment, only moves the court for judgment as to plaintiff's claim regarding the discrepancy in pay differential – a claim that plaintiff now asserts to be a violation of 38 U.S.C. § 4311.[2]

Section 4311 is USERRA's anti-discrimination provision. It prohibits an employer from denying "a person who performs . . . in a uniformed service . . . any benefit of employment . . . on the basis of that performance of service." 38 U.S.C. § 4311(a). According to 38 U.S.C. § 4303(2):

> The term . . . "benefit of employment" . . . means any advantage, profit, privilege, gain, status, account, or interest (other than wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment.

Id.

---

[2]Defendant raises a very credible argument that plaintiff should be denied summary judgment because plaintiff's complaint never alleged a violation of § 4311, USERRA's anti-discrimination provision. While the court considers this argument to a meritorious one, ultimately plaintiff's motion can be resolved most clearly on its substantive deficiencies.

Plaintiff's motion for summary judgment also argues that defendant's actions constitute a breach of contract (the contract being the summary of benefits letter plaintiff was given). This cause of action was unquestionably not alleged in the complaint, and plaintiff may not now assert it for the first time on summary judgment. Additionally, the breach of contract argument is completely meritless as plaintiff cannot even make a good faith argument that there was an offer or consideration.

4

The "benefit of employment" that plaintiff alleges he was denied is the proper calculation of differential pay. To be clear, defendant is not required under USERRA to provide plaintiff with differential pay. However, plaintiff claims that because defendant has a differential pay provision, if defendant does not calculate pay according to that provision, then defendant violates USERRA. Defendant's provision detailing the differential pay plaintiff could expect to receive states:

> A <u>salaried</u> employee who is actively at work (not on layoff) and is called to active duty shall be paid by the Company an amount equal to the difference between his or her monthly base salary for their regular work schedule and the amount of his or her monthly military base pay, exclusive of allowances (adjusted monthly base salary) for a total of <u>720 calendar days</u>.

(Pl. Br. Supp. Mot. S.J., Ex. G at 1 (emphasis in original)). Plaintiff understood this provision to mean that his differential pay would be calculated by comparing the days he typically worked as a PPG employee (approximately 21 to 23 days per month once weekends and holidays are accounted for) to the days he actually worked for the miliary while on military leave (30 days per month). Thus, plaintiff expected his differential pay to be calculated in the following manner:

> Regular PPG Work Salary = $4000/month
> Military Base Pay = $3000/month   ($3000/30 days in a month = $100 per day)
> Military Pay Differential = $100 x 21 work days = $1900
> Total Amount of Compensation = $3000 (base pay) + $1900 (differential) = **$4900/month**.

(Def. PFOF ¶19). However, that is not the manner in which defendant interpreted its differential pay provision. Defendant calculated differential pay in the following manner:

5

```
Regular PPG Work Salary = $4000/month
Military Base Pay = $3000/month
Military Pay Differential = $4000 - $3000 = $1000/month
Total Amount of Compensation = $3000 (base pay + $1000
                                (differential) = $4000/month.
```

(Id.). Thus, under PPG's calculation, the differential pay merely supplemented plaintiff's income, ensuring that he did not earn less while on military leave, whereas under plaintiff's calculation, the differential would have been supplemental and additional to his income.

Ultimately, the issue before the court is not which reading of the provision is "correct." The differential pay provision is not part of a statute with which defendant was required to comply, and it was not part of a contract defendant was required to perform. Rather, the only issue is whether defendant denied plaintiff a "benefit of employment" by interpreting its provision in the manner it did. Defendant points to nearly directly on point Seventh Circuit case law that demonstrates that its interpretation of the differential pay provision did not deny plaintiff a "benefit of employment."

In *Crews v. City of Mt. Vernon*, 567 F.3d 860 (7th Cir. 2009), Crews, a police officer and member of the national guard, brought suit against his employer alleging that a change in scheduling policy violated USERRA. Prior to the change, Crews – a police officer whose regular schedule involved working 5 days a week, though not necessarily Monday-Friday – was able to reschedule work shifts that fell on weekends when he was required to attend national guard training ("drill"), which occurred about once a month. *Id.* at 862. Under that policy, on weeks that Crews

6

had to attend drill, he could nonetheless collect a full week's pay from the City, without having to use any of his paid leave (because he could work Monday - Friday for the City, and then be at drill on Saturday and Sunday). *Id.* at 862-63. However, once the City hired more police officers who were also guardsmen, it found that it became too expensive to maintain the scheduling policy, because doing so required the City to pay these officers to work shifts during the regular week that were already fully staffed. *Id.* at 863. Thus, the City discontinued the policy, and Crews filed suit alleging that rescinding the policy was denial of a benefit of employment in violation of 38 U.S.C. § 4311. The Seventh Circuit held that "[t]he preferential work scheduling policy that the [City] previously extended to Guard employees was not a 'benefit of employment' within the meaning of § 4311(a), as this benefit was not one generally available to all employees." *Id.* at 865. Since the preferential scheduling policy (which had only been available to officers who were also in the Guard) was not a "benefit of employment," rescission of it could not be a "denial" of any "benefit of employment." *Id.*

Like the preferential scheduling policy in *Crews*, the differential pay provision in the instant case was only available to members of the military. Accordingly, under the precedent set by *Crews*, PPG's differential pay policy is not a "benefit of employment" for the purposes of USERRA. Indeed, plaintiff has not even tried to distinguish *Crews* or argue that *Crews* does not require such a holding. Thus, PPG could rescind the differential pay provision entirely if it wished (such differential pay is not required by USERRA) without violating § 4311(a). If defendant could rescind

7

it entirely without violating § 4311(a), clearly it could also interpret the provision as it saw fit, without violating § 4311(a). Hence, all of plaintiff's arguments as to the unreasonableness or unfairness of defendant's interpretation of the provision are irrelevant to whether or not defendant's actions violated § 4311. Because the differential pay provision was not a "benefit of employment" and because plaintiff's motion for summary judgment pertains only to a claim of a violation of § 4311 as a result of the disagreement over the differential pay provision, the court is obliged to deny plaintiff's motion for summary judgment.

### III. Defendant's Motion for Summary Judgment

As previously stated, plaintiff's complaint alleges that defendant violated USERRA through two different actions. The first relates to defendant's interpretation of the military compensation provision. The second involves defendant allegedly not "re-training, or otherwise, . . . enabl[ing] [plaintiff] to qualify for a position that he would be entitled to perform in a re-employed capacity before reducing his pay." (Compl. ¶14). Plaintiff's complaint states that these actions violated "USERRA, 38 U.S.C. § 4301, *et seq*, including but not limited to §§ 4312, 4313, 4316 and 4318, and Wisconsin Revised Statutes Annotated Title 21 Article 79 §§ (1)-(6)." (Id. ¶17).

Defendant points out, and plaintiff does not dispute, that there is no such thing as Wisconsin Revised Statutes Annotated Title 21 Article 79 §§ (1)-(6). Defendant points out, and plaintiff does not dispute, that the only thing remotely applicable in the Wisconsin statutes is Wisconsin's mini-USERRA law, of which only § 321.65 applies to private sector employers. However, Wis. Stat. § 321.65(1), (3) makes it

8

Case 2:07-cv-00982-JPS   Filed 01/20/10   Page 8 of 11   Document 67

clear that the statute only applies to "state active duty," "active duty in the national guard," or "active duty with the state laboratory of hygiene." Id. Since plaintiff's service in Iraq in the Marine Corps would not be covered by this statute, defendant is entitled to summary judgment on all of plaintiff's claims based on Wisconsin statutes.

As a consequence of the poor draftsmanship found in plaintiff's complaint, defendant, in its motion for summary judgment, is forced to go step by step through each of the referenced USERRA provisions, and explain why it is entitled to summary judgment as to each provision.[3] Defendant's arguments regarding each of the USERRA provisions cited in the complaint – 38 U.S.C. §§ §§ 4312, 4313, 4316 and 4318 – are fully supported by case law and admissible evidence. Plaintiff, on the other hand, in his opposition to defendant's motion for summary judgment, does not cite any case law whatsoever. The only arguments plaintiff even makes are in regards to whether defendant correctly calculated plaintiff's differential pay, and whether defendant engaged in actions designed to punish plaintiff for filing suit. As to the former, plaintiff gives no explanation as to how miscalculating differential pay could equate to a USERRA violation. As to the latter, no where in plaintiff's complaint did plaintiff allege that defendant engaged in retaliatory actions against plaintiff. Thus, any arguments from plaintiff regarding defendant creating a hostile work environment for plaintiff by filing a litigation hold, or defendant not timely

---

[3]This, of course, is in contrast to plaintiff, who moved for summary judgment, not on any of the provisions cited in the complaint, but on an entirely different provision. Plaintiff made no argument anywhere as to the provisions cited in the complaint.

9

conducting plaintiff's performance review, are irrelevant and serve only to try to distract this court, constituting a waste of limited resources.

The only allegation in plaintiff's complaint, other than the allegation pertaining to the differential pay, is that "[d]efendant made no efforts at re-training, or otherwise, to enable Gross to qualify for a position that he would be entitled to perform in a re-employed capacity before reducing his pay." (Compl ¶14). However, plaintiff concedes that when he returned from his deployment he applied for and was promptly reinstated to his previous position. (Def. PFOF ¶13). Nowhere does plaintiff present any evidence, or even allegation, that he required re-training in order to get his job back, or that his pay was reduced once he got his job back. Thus, defendant is entitled to summary judgment as to any claims based on this allegation.

## CONCLUSION

At the end of the day, it would appear plaintiff was simply throwing the proverbial kitchen sink at the wall and hoping something would stick. Unfortunately, defendant,[4] as well as this court, were stuck with the proposition of wading through all of plaintiff's vague, unsubstantiated (and often abandoned) claims in order resolve this case. Despite plaintiff's best efforts to confuse and distract – be it by alleging violation of non-existent statutes, making arguments in support of allegations not in the complaint, or failing to offer any explanation of what actions

---

[4] Indeed, it would appear that defendant had to expend its resources defending against claims that plaintiff essentially abandoned on summary judgment. Though plaintiff was not so generous as to state that he was abandoning the claims, but rather did so by simply not offering any relevant evidence or argument in support of the claims.

violated which specific statutes – ultimately these efforts have failed. Defendant has clearly shown that differential pay was not a "benefit of employment," and plaintiff has not alleged any facts in support of the allegation that defendant failed to re-train him or re-employ him in his previous capacity upon his return from military leave. Therefore, plaintiff is not entitled to summary judgment, and defendant is entitled to summary judgment.

Accordingly,

**IT IS ORDERED** that plaintiff's Motion for Summary Judgment (Docket #56) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that defendant's Motion for Summary Judgment (Docket #48) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is herewith **DISMISSED** on its merits together with costs as taxed by the clerk of the court.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of January, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge